**THE CIVIL COURT OF RECORD IN AND FOR DADE COUNTY, FLORIDA and LOUIS BERGER, JENNIE BERGER, EDWARD WHITE, MILDRED WHITE, THOMAS PODOLSKY and FRANCES PODOLSKY, v. STATE OF FLORIDA, ex rel. BEN LEFF, Individually and as Administrator of the Estate of Bertha Grossfeld, also known as Becky Grossfeld, Deceased.**

32 So. (2nd) 602                                         June Term, 1947
November 21, 1947                                         Division B

*Cleveland, Sibley & Davis,* for appellants.

*Albert S. Dubbin* and *Murrell, Fleming & Flowers,* for appellee.

BARNS, J.:

The appellees were defendants in unlawful detainer proceedings in the Civil Court of Record and procured a preparatory writ of prohibition against the plaintiffs-landlord and said court, which judgment in prohibition was appealed.

The relationship of landlord and tenant existed between the appellants, Berger, et al., as landlord, and Ben Leff, as tenant, and the landlord brought the unlawful detainer proceedings for the recovery of the leased premises upon the grounds that the tenant had violated a covenant of the lease, as follows:

"SIXTH: To use the said premises in pursuance with all laws and ordinances now or hereafter applicable and not to suffer or permit the same to be used for any illegal or immoral purpose."

The landlord claimed that the lease had been terminated by reason of a notice of election given to that effect, predi-

cated upon said Paragraph Six (supra.) and by reason of the following covenant of said lease, to-wit:

"SEVENTH: That if the Lessees shall not pay any sums required by the terms hereof to be paid by the Lessees, unto the Lessors, at the time and in the manner stated, *or shall fail to keep and perform any other condition, stipulation or agreement herein contained, on the part of the lessees to be kept and performed,* or if the Lessees shall be adjudged voluntary or involuntary bankrupt, or make an assignment for the benefit of creditors, or should there be appointed a receiver for or against the Lessees to take charge of the premises, either in the State Court or in the Federal Court, *then, in any of such events, the Lessors may, at their option, terminate and end this lease and re-enter without the necessity for giving notice or taking legal proceedings to accomplish such re-entry upon the property, whereupon the term hereby granted, and, at the Lessors' option, all right, title and interest under it shall end and the Lessees shall become tenants at sufferance or the said Lessors may take possession of the premises and rent the same for the account of the Lessees, the exercise of any of which options herein contained shall not be deemed the exclusive Lessors' remedy.* The parties intend and specifically agree that no Trustee, Receiver or other representative in insolvency proceedings of the Lessees shall have the power to hold the premises pursuant hereto or to assign, sell, or otherwise dispose of this lease. The parties intend, however, that the Lessees shall not be deemed in default as to the non-payment of rent until the rent shall have been past due ten (10) days or where the default consists in other than the non-payment of rent, until the Lessors shall have given the Lessees written notice, specifying the nature of such default and unless the Lessees shall not have remedied the said default or shall not have taken steps reasonably to cure the said default within ten (10) days after the receipt of such notice." (Italics ours).

Whether or not the rights of the appellee, as tenant under said lease, have come to an end, and whether or not the appellants-landlords are entitled to prevail in said unlawful detainer proceedings is a matter which the Civil Court of Record is competent to adjudicate. The civil court has jurisdiction

of the subject matter and the parties, and it was error to issue the peremptory writ of prohibition.

Reversed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.